**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| AIP ACQUISITION LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>CABLEVISION SYSTEMS CORPORATION,<br>and CSC HOLDINGS, LLC,<br><br>      Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

  Plaintiff AIP Acquisition LLC ("AIP") by way of this Complaint against Cablevision Systems Corporation ("Cablevision Systems") and CSC Holdings, LLC ("CSC") (collectively, "Cablevision" or "Defendants"), hereby alleges with knowledge with respect to its own acts and upon information and belief with respect to all others:

**PARTIES**

  1.  AIP is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 2200 Fletcher Avenue, 5th Floor, Fort Lee, New Jersey 07024.  AIP may be served with process via its registered agent, Capitol Services, Inc., 1675 S. State Street Suite B, Dover, DE 19901.

  2.  Cablevision Systems is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.  Cablevision Systems Corporation may be served with process via its registered

agent, Corporation Service Company, 2711 Centerville Road., Suite 400, Wilmington, DE 19808.

3. CSC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714. CSC may be served with process via its registered agent, Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.

4. Cablevision Systems Corporation is the direct or indirect parent of CSC Holdings, LLC.

## JURISDICTION AND VENUE

5. This is a civil action for patent infringement arising under 35 U.S.C. §§ 100, *et seq.*, and in particular § 271.

6. This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. § 1338(a).

7. This Court has personal jurisdiction over Defendants because they are incorporated under the laws of the State of Delaware.

8. Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b) because Defendants reside in this judicial district.

## FACTUAL BACKGROUND

*AIP and the Patents*

9. The members of AIP are former shareholders of Arbinet Corporation ("Arbinet"). Arbinet, a public company, was founded in 1996 by Alex Mashinsky, an entrepreneur and named inventor on over fifty patent applications. Since then, Mr. Mashinsky has launched several other successful telecommunications and transportation companies, including Transit Wireless, the

exclusive provider of certain wireless services to commuters in the New York City subway system.

10.    Arbinet is a leading wholesale international voice and data communications service provider, operating an electronic market for cost-effective and efficient trading, routing and settling of communications capacity. Arbinet owned a significant telecommunications patent portfolio, including a number of Mr. Mashinsky's patents.

11.    In late 2010, Arbinet was acquired by another entity. Subsequently, a majority of Arbinet shareholders organized AIP, and acquired Arbinet's portfolio of patents and patent applications. The patents in suit are part of this portfolio.

12.    Four of AIP's communications patents are at issue here. These patents concern methods and systems for efficient communication and call processing. Mr. Mashinsky is the named inventor on all of these patents.

13.    On December 17, 2002, the United States Patent and Trademark Office issued United States Patent No. 6,496,579 ("the '579 Patent") on, *inter alia*, connection of a call between a calling location and a called location through use of a control location, in which information is received at a control location for a calling telephone equipment and a called telephone equipment; a determination is made whether a call from the calling location to the called location should be connected via a telecommunication network; and the call is connected from the calling party access number to the called party access number via the telecommunication network. The '579 Patent is entitled METHOD OF AND SYSTEM FOR EFFICIENT USE OF TELECOMMUNICATION NETWORKS. A copy of the '579 Patent is attached as Exhibit A.

14. On June 20, 2000, the United States Patent and Trademark Office issued United States Patent No. 6,078,654 ("the '654 Patent") on, *inter alia*, connection of a call between a calling location and a called location through use of a control location, in which a transmission path is selected in a manner transparent to the called party and calling party; information is received at a control location for a calling telephone equipment and a called telephone equipment; a determination is made whether a call from the calling location to the called location should be connected via a telecommunication network; and the call is connected from the calling party access number to the called party access number via the telecommunication network. The '654 Patent is entitled METHOD OF AND SYSTEM FOR EFFICIENT USE OF TELECOMMUNICATION NETWORKS. A copy of the '654 Patent is attached as Exhibit B.

15. On February 13, 2001, the United States Patent and Trademark Office issued United States Patent No. 6,188,756 ("the '756 Patent") on, *inter alia*, the use of a communication network involving receiving a calling party access number and a called party access number; checking a status on each of a plurality of locations associated with the called party access number; identifying which location is accessible by the called party; and routing the communication accordingly and converting the communication into a compatible format. The '756 Patent is entitled EFFICIENT COMMUNICATION THROUGH NETWORKS. A copy of the '756 Patent is attached as Exhibit C.

16. On May 25, 2010, the United States Patent and Trademark Office issued United States Patent No. 7,724,879 ("the '879 Patent") on the communication between two telecommunication nodes involving a transmission that includes, *e.g.*, a call setup request or signaling messages in a telecommunication protocol over a telephone network; converting the transmission to an internet protocol; transmitting the transmission over a data network;

converting the transmission to a telecommunication protocol; and transmitting the transmission to the second telecommunication node.  The '879 Patent is entitled EFFICIENT COMMUNICATION THROUGH NETWORKS.  A copy of the '879 Patent is attached as Exhibit D.

17.     AIP is the assignee of the '579, '654, '756, and '879 Patents (collectively, "the Patents").

*Cablevision's Infringing Services*

18.     Defendants make, use offer for sale, and/or sell within the United States at least the following infringing communications services:

    a.      Optimum Voice, which includes "Click-to-Call" and "Find Me" features; and

    b.      Optimum Voice for Business

19.     The communications services identified in Paragraph 18(a) provide connection of a call between a calling location and a called location through use of a control location, in which information is received at a control location for a calling telephone equipment and a called telephone equipment; a determination is made whether a call from the calling location to the called location should be connected via a telecommunication network; and the call is connected from the calling party access number to the called party access number via the telecommunication network.

20.     The communications services identified in Paragraph 18(a) provide connection of a call between a calling location and a called location through use of a control location, in which a transmission path is selected in a manner transparent to the called party and calling party; information is received at a control location for a calling telephone equipment and a called

telephone equipment; a determination is made whether a call from the calling location to the called location should be connected via a telecommunication network; and the call is connected from the calling party access number to the called party access number via the telecommunication network.

21.     The communications services identified in Paragraph 18(a) provide use of a communication network involving receiving a calling party access number and a called party access number; checking a status on each of a plurality of locations associated with the called party access number; identifying which location is accessible by the called party; and routing the communication accordingly and converting the communication into a compatible format.

22.     The communications services identified in Paragraph 18(a) and 18(b) provide communication between two telecommunication nodes involving the transmission that includes a call setup request or signaling messages in a telecommunication protocol over a telephone network; converting the transmission to an internet protocol; transmitting the transmission over a data network; converting the transmission to a telecommunication protocol; and transmitting the transmission to the second telecommunication node.

23.     Discovery may show that Cablevision makes, uses, offers for sale, and/or sells additional infringing communications services.

## CLAIMS FOR RELIEF

### Count I: Infringement of the '579 Patent

24.     AIP repeats and re-alleges Paragraphs 1-23 as if fully set forth herein.

25.     Cablevision, through at least the services identified in Paragraph 18(a), has been and still is infringing the '579 Patent, literally or under the doctrine of equivalents, by making,

using, offering to sell, and selling the invention of one or more claims of the '579 Patent, including at least Claims 1 and 5 of the '579 Patent.

26. As a direct and proximate result of Cablevision's acts of infringement, AIP has been, is being, and will be damaged. Consequently, AIP is entitled to compensation for its damages from Cablevision under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

### Count II: Infringement of the '654 Patent

27. AIP repeats and re-alleges Paragraphs 1-26 as if fully set forth herein.

28. Cablevision, through at least the services identified in Paragraph 18(a), has been and still is infringing the '654 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '654 Patent, including at least Claims 1 and 5 of the '654 Patent.

29. As a direct and proximate result of Cablevision's acts of infringement, AIP has been, is being, and will be damaged. Consequently, AIP is entitled to compensation for its damages from Cablevision under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

### Count III: Infringement of the '756 Patent

30. AIP repeats and re-alleges Paragraphs 1-29 as if fully set forth herein.

31. Cablevision, through at least the services identified in Paragraph 18(a), has been and still is infringing the '756 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '756 Patent, including at least Claim 8 of the '756 Patent.

32. As a direct and proximate result of Cablevision's acts of infringement, AIP has been, is being, and will be damaged. Consequently, AIP is entitled to compensation for its damages from Cablevision under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

### Count IV: Infringement of the '879 Patent

33. AIP repeats and re-alleges Paragraphs 1-32 as if fully set forth herein.

34. Cablevision, through at least the services identified in Paragraph 18(a) and 18(b), has been and still is infringing the '879 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '879 Patent, including at least Claim 1 of the '879 Patent.

35. As a direct and proximate result of Cablevision's acts of infringement, AIP has been, is being, and will be damaged. Consequently, AIP is entitled to compensation for its damages from Cablevision under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

### DEMAND FOR JURY TRIAL

36. AIP requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, AIP respectfully asks the Court for the following relief:

(i) A judgment declaring that Cablevision has infringed the '579 Patent as alleged herein;

(ii) A judgment declaring that Cablevision has infringed the '654 Patent as alleged herein;

(iii) A judgment declaring that Cablevision has infringed the '756 Patent as alleged herein;

(iv) A judgment declaring that Cablevision has infringed the '879 Patent as alleged herein;

(v) A judgment awarding AIP damages under 35 U.S.C. § 284;

(vi) A judgment and order granting supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

(vii) A judgment and order awarding AIP pre-judgment and post-judgment interest on the damages awarded; and

(viii) Such other and further relief as the Court deems just and equitable.

December 11, 2012

OF COUNSEL:

COHEN & GRESSER LLP
Karen H. Bromberg
Francisco A. Villegas
Damir Cefo
800 Third Avenue
New York, New York 10022
kbromberg@cohengresser.com
fvillegas@cohengresser.com
dcefo@cohengresser.com
(212) 957-7600

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
(302) 655-5000

*Attorneys for AIP Acquisition LLC*