## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AIP ACQUISITION LLC,<br><br>               Plaintiff,<br><br>     v.<br><br>CABLEVISION SYSTEMS CORPORATION,<br>and CSC HOLDINGS, LLC,<br><br>               Defendants. | C. A. No. 12-1688-GMS<br><br>JURY TRIAL DEMANDED |

## CSC HOLDINGS, LLC'S ANSWER AND DEFENSES
## TO AIP ACQUISITION LLC'S COMPLAINT

Defendant CSC Holdings, LLC ("Cablevision"), by and through its attorneys, hereby answers the Complaint filed against it by Plaintiff AIP Acquisition LLC ("Plaintiff") on December 11, 2012, as follows.

Cablevision states that anything in the Complaint that is not expressly admitted is hereby denied. Cablevision further states that, subject to being So Ordered by this Court, Plaintiff and Defendants have agreed to a stipulation dismissing Cablevision Systems Corporation from this litigation (D.I. No. 10) and have agreed that no response to the Complaint, or any allegations contained therein, is required by Cablevision Systems Corporation.

### ANSWER TO THE COMPLAINT

### THE PARTIES

1.      Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and therefore denies these allegations.

2.      Cablevision states that the parties have agreed to a stipulation dismissing Cablevisions Systems Corporation from this litigation such that no response to this paragraph is necessary.

3.      Cablevision denies the allegations in Paragraph 3 of the Complaint, except that Cablevision admits that CSC Holdings, LLC is a limited liability company duly organized and existing under the laws of the State of Delaware with its principal place of business located at 1111 Stewart Avenue, Bethpage, New York 11714.  Cablevision admits that it may be served with process via its registered agent for service of process, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

4.      Admitted.

## JURISDICTION AND VENUE

5.      Cablevision admits that Plaintiff purports to bring a civil action arising under 35 U.S.C. §§ 100 *et seq.* and in particular 35 U.S.C. § 271.  Cablevision denies the legal sufficiency of Plaintiff's claims and allegations, and further denies that Plaintiff has any viable claim thereunder.

6.      To the extent Plaintiff purports to bring a civil action arising under 35 U.S.C. § 271, Cablevision admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a).

7.      For the purpose of this action, Cablevision does not challenge that Cablevision is subject to personal jurisdiction within this Judicial District.

8.      For the purpose of this action, Cablevision does not challenge the propriety of venue in this Judicial District, but Cablevision reserves the right to move to transfer or move to change this case to a more convenient forum.

## FACTUAL BACKGROUND

*AIP and the Patents*

9.     Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, and therefore denies these allegations.

10.    Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, and therefore denies these allegations.

11.    Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, and therefore denies these allegations.

12.    Cablevision admits that Alexander Mashinsky is listed as a named inventor on the four patents-in-suit. Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 of the Complaint, and therefore denies these allegations.

13.    Cablevision admits that U.S. Patent No. 6,496,579 ("the '579 patent") is titled "METHOD OF AND SYSTEM FOR EFFICIENT USE OF TELECOMMUNICATIONS NETWORKS" and states on its face that it issued on December 17, 2002. Cablevision admits that Exhibit A to the Complaint purports to be a copy of the '579 patent. Cablevision denies the remaining allegations of Paragraph 13 of the Complaint.

14.    Cablevision admits that U.S. Patent No. 6,078,654 ("the '654 patent") is titled "METHOD OF AND SYSTEM FOR EFFICIENT USE OF TELECOMMUNICATIONS NETWORKS" and states on its face that it issued on June 20, 2000. Cablevision admits that Exhibit B to the Complaint purports to be a copy of the '654 patent. Cablevision denies the remaining allegations of Paragraph 14 of the Complaint.

RLF1 8059952v.1

15.     Cablevision admits that U.S. Patent No. 6,188,756 ("the '756 patent") is titled "EFFICIENT COMMUNICATIONS THROUGH NETWORKS" and states on its face that it issued on February 13, 2001.  Cablevision admits that Exhibit C to the Complaint purports to be a copy of the '756 patent.  Cablevision denies the remaining allegations of Paragraph 15 of the Complaint.

16.     Cablevision admits that U.S. Patent No. 7,724,879 ("the '879 patent") is titled "EFFICIENT COMMUNICATION THROUGH NETWORKS" and states on its face that it issued on May 25, 2010.  Cablevision admits that Exhibit D to the Complaint purports to be a copy of the '879 patent.  Cablevision denies the remaining allegations of Paragraph 16 of the Complaint.

17.     Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint, and therefore denies these allegations.

***Cablevision's Allegedly Infringing Services***

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

### CLAIMS FOR RELIEF

### Count I: Alleged Infringement of the '579 Patent

24.     Cablevision incorporates by reference its statement made in Paragraphs 1-23 of this Answer as if fully set forth herein.

4

25.     Denied.

26.     Denied.

### Count II: Alleged Infringement of the '654 Patent

27.     Cablevision incorporates by reference its statement made in Paragraphs 1-26 of this Answer as if fully set forth herein.

28.     Denied.

29.     Denied.

### Count III: Alleged Infringement of the '756 Patent

30.     Cablevision incorporates by reference its statement made in Paragraphs 1-29 of this Answer as if fully set forth herein.

31.     Denied.

32.     Denied.

### Count IV: Alleged Infringement of the '879 Patent

33.     Cablevision incorporates by reference its statement made in Paragraphs 1-32 of this Answer as if fully set forth herein.

34.     Denied.

35.     Denied.

### PLAINTIFF'S DEMAND FOR JURY TRIAL

36.     No response is necessary to Plaintiff's Demand For Jury Trial.  To the extent a response is necessary, Cablevision denies the legal sufficiency of Plaintiff's claims and allegations, and further denies that Plaintiff has any viable claim thereunder.

RLF1 8059952v.1

## PLAINTIFF'S PRAYER FOR RELIEF

Cablevision denies that Plaintiff is entitled to the relief requested in Plaintiff's prayer for relief, and to the extent that such prayer contains factual allegations relating to Cablevision, such allegations are denied. Plaintiff's prayer for relief should be denied, with prejudice, in its entirety.

## AFFIRMATIVE AND OTHER DEFENSES

37.     Further answering the Complaint and as additional defenses thereto, Cablevision asserts the following affirmative and other defenses. Cablevision does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff bears the burden. Cablevision reserves the right to add additional defenses and/or supplement its defenses, including (but not limited to) those related to the unenforceability of the Patents-in-suit based on inequitable conduct, as Cablevision learns additional facts.

## FIRST DEFENSE (FAILURE TO STATE A CLAIM)

38.     The Complaint fails to state a claim upon which relief can be granted as to Cablevision Systems Corporation.

## SECOND DEFENSE (NON-INFRINGEMENT)

39.     Cablevision has not infringed and does not infringe any valid and enforceable claim of the Patents-in-suit directly, indirectly, contributorily, or by inducement, either literally or by the doctrine of equivalents. Furthermore, Plaintiff is precluded under the doctrines of disclaimer and prosecution history estoppel from asserting a scope for any claim of the Patents-in-suit patent that would encompass any Cablevision product or service.

## THIRD DEFENSE (INVALIDITY)

40.     Each claim of the Patents-in-suit is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.   For example, each claim is invalid in view of the references cited by the Examiner and arguments made by the Applicants during prosecution of the applications that issued as the Patents-in-suit.

## FOURTH DEFENSE (LACHES)

41.     Plaintiff is barred from recovery, either in whole or in part, under the doctrine of laches.   On information and belief, Plaintiff has unreasonably delayed in bringing suit.   Since at least approximately 2003, CSC Holdings, LLC made substantial investments in the accused services, methods, and articles during Plaintiff's delay, and for at least this reason, there has been material prejudice by Plaintiff's unreasonable and inexcusable delay in filing suit.

## FIFTH DEFENSE (LICENSE, EXHAUSTION, FAILURE TO MARK)

42.     Plaintiff's claims are barred in whole or in part by one or more of the following: express or implied license; doctrine of patent exhaustion; and failure to plead compliance with patent marking pursuant to the requirements of 35 U.S.C. § 287(a).

## SIXTH DEFENSE (LACK OF STANDING)

43.     To the extent that Plaintiff was not the sole and total owner of the Patents-in-suit as of the filing date of the Complaint, Plaintiff lacks standing to bring one or more claims in this lawsuit.

## SEVENTH DEFENSE (EQUITABLE BARS)

44.     Plaintiff's claims are barred in whole or in party by the doctrine of waiver, estoppel, prosecution laches, and/or other equitable doctrines.

RLF1 8059952v.1

## EIGHTH DEFENSE (STATUTE OF LIMITATIONS)

45.     Plaintiff is barred from recovery, in whole or in part, under the applicable statute of limitations as set forth in 35 U.S.C. § 286.

## CABLEVISION'S PRAYER FOR RELIEF

FOR THESE REASONS, Cablevision respectfully requests that this Court enter judgment in its favor and grant the following relief:

A.     An order declaring that Plaintiff, its respective officers, directors, agents, servants, employees, and attorneys, and those persons in active concert with it, take nothing on the claims asserted in the Complaint against Cablevision;

B.     A judgment dismissing Plaintiff's Complaint against Cablevision with prejudice;

C.     A declaration that Cablevision does not infringe, induce infringement, or contribute to any infringement of any valid and enforceable claim of the Patents-in-suit;

D.     A declaration that the claims of the Patents-in-suit are invalid;

E.     An order declaring that this is an exceptional case and awarding Cablevision its costs, expenses, reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

F.     All costs be taxed against Plaintiff; and

G.     Any such other relief as the Court may deem appropriate and just under the circumstances.

## **JURY DEMAND**

Cablevision demands a trial by jury on all issues so triable.

_Anne Shea Gaza_

OF COUNSEL:

Benjamin Hershkowitz
Steven Kim
R. Scott Roe
Joshua Dubin
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
(212) 351-4000

Dated: February 5, 2013

Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com

_Attorneys for Defendant CSC Holdings, LLC_

9

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2013, I caused to be served by electronic mail and

hand delivery copies of the foregoing document and electronically filed the same with the Clerk

of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard D. Kirk ((#0922)
Stephen B. Brauerman (#4952)
Bayard, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE  19801
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
(302) 655-5000

I further certify that on February 5, 2013, I caused to be served by electronic mail copies

of the foregoing document upon the following counsel of record:

Karen H. Bromberg
Francisco A. Villegas
Damir Cefo
COHEN & GRESSER LLP
800 Third Avenue
New York, New York 10022
kbromberg@cohengresser.com
fvillegas@cohengresser.com
dcefo@cohengresser.com
(212) 957-7600

*/s/ Anne Shea Gaza*
Anne Shea Gaza (#4093)
gaza@rlf.com