IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AIP ACQUISITION LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1688 (GMS) |
| | ) | |
| CABLEVISION SYSTEMS CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| AIP ACQUISITION LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1689 (GMS) |
| | ) | |
| CHARTER COMMUNICATIONS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| AIP ACQUISITION LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1690 (GMS) |
| | ) | |
| COMCAST CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| AIP ACQUISITION LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1691 (GMS) |
| | ) | |
| COX COMMUNICATIONS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | |
|---|---|
| AIP ACQUISITION LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 12-1692 (GMS) |
| | ) |
| TIME WARNER CABLE INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**JOINT PROPOSED SCHEDULING ORDER**

WHEREAS, on February 19, 2013, the Court entered Scheduling Orders ("the Scheduling Orders") in the five above-captioned cases (the "MSO Cases") setting parallel schedules with the prior-filed AIP Acquisition, LLC v. iBasis Inc., No. 12-616-GMS (the "*iBasis* Case") in light of the related subject matter, but giving Defendants seven business days to object to those schedules;

WHEREAS, on February 28, 2013 the parties in the MSO Cases jointly requested an extension to the time to object and to submit a scheduling proposal for the Court's consideration on March 11, 2013;

WHEREAS, on March 5, 2013 the Court granted the parties' aforementioned request;

WHEREAS, on January 23, 2013 the Court entered a Scheduling Order in AIP Acquisition LLC v. Level 3 Communications, LLC, 12-617-GMS (the "*Level 3* Case") setting a parallel schedule with the *iBasis* Case, but giving Level 3 Communications, LLC seven business days to object;

WHEREAS, the *iBasis* Case and the *Level 3* Case involve the same five patents,[1] four of the five MSO Cases[2] involve four patents which have a different specification and

---

[1] U.S. Patent Nos. 5,606,602; 5,917,897; 6,757,275, 7,724,879; and 7,486,662.

2

different inventor from four of the five patents in the *iBasis* case[3] and AIP Acquisition, LLC v. Time Warner Cable Inc., No. 2-1692-GMS (the "*TWC* Case") which involves a single patent that is asserted against all defendants[4];

WHEREAS, the single patent asserted in common against all defendants is not related to the four other patents asserted in the *iBasis* and *Level 3* Cases;

WHEREAS, the single patent asserted in common against all defendants is asserted against digital phone service and the other three patents asserted in four of the five MSO Cases are asserted against various calling features such as simultaneous ring and click-to-call;

WHEREAS, given the limited overlap in subject matter between the actions, the fact that four additional patents have been asserted in the *iBasis* Case and *Level 3* Case that were not asserted in the MSO Cases, the fact that the MSO Cases were filed seven months later than the *iBasis* Case and the *Level 3* Case, the fact that the *TWC* Case involves only one patent which is asserted against a different service than the other three patents asserted in the other MSO Cases, the fact that only one patent is asserted against all defendants, the fact that coordination is required amongst seven separate groups of defendants across multiple industries against distinct groups of patents and the fact that some of the Rule 26 and default standard disclosure deadlines in the *iBasis* Case are only days away, the Defendants in the MSO Cases respectfully believe that fully parallel scheduling would be problematic, although they do believe that coordination of dates and *Markman* briefing is appropriate; and

---

[2]  AIP Acquisition, LLC v. Cablevision Systems Corporation, 12-1688-GMS, AIP Acquisition, LLC v. Charter Communications, Inc., 12-1689-GSM, AIP Acquisition, LLC v. Comcast Corporation, 12-1690-GMS, and AIP Acquisition, LLC v. Cox Communications, Inc., 12-1691-GMS.

[3]  U.S. Patent Nos. 6,496,579; 6,078,654; 6,188,756; and 7,724,879.

[4]  U.S. Patent No. 7,724,879.

WHEREAS the parties in the MSO Cases believe that the schedule provided below, which retains the original Court-scheduled trial dates, will promote additional efficiency among the Cases by recognizing the differences, yet coordinating any similarities, between and among the *iBasis* Case, the *Level 3* Case and the MSO Cases;

NOW, THEREFORE, IT IS HEREBY STIPULATED, by and between the parties hereto and subject to the approval and order of the Court, that:

1. **Rule 26(a) Initial Disclosures.**  Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before April 1, 2013.

The Court's Default Standard for Discovery of Electronic Documents ("Default Standard" is incorporated herein by reference except that the following due dates shall apply:

   a. The parties' Paragraph (3) disclosures:     April 1, 2013

   b. Plaintiff's Paragraph 4(a) disclosures:      April 1, 2013

   c. Defendants' Paragraph 4(b) disclosures:     May 14, 2013

   d. Plaintiff's Paragraph 4(c) disclosures:      June 28, 2013

   e. Defendants' Paragraph 4(d) disclosures:     August 12, 2013

2. **Joinder of other Parties and Amendment of Pleadings.**  All motions to join other parties and amend the pleadings shall be filed on or before January 31, 2014.

3. **Reliance Upon Advice of Counsel.**  Defendant shall inform plaintiff whether it intends to rely upon advice of counsel as a defense to willful infringement no later than fifteen days after the Court's *Markman* decision.  If defendant elects to rely on advice of counsel as a defense to willful infringement, defendant shall produce any such opinions on which defendant intends to rely at that time.

4.      *Markman* **Claim Construction Hearing.**  A *Markman* claim construction hearing shall be held on January 16, 2014 at 9:30 a.m. for the four patents in the *iBasis* Case and *Level 3* Case excluding the single overlapping '879 Patent (the "Non-Mashinsky Patents"),[5] and on [January 17, 2014] at [_____ __.m.] for the four related patents in the MSO Cases including the overlapping '879 Patent (the "Mashinsky Patents").  The *Markman* hearing is scheduled for a total of 5 hours per day with each side having 2.5 hours on each day.  The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues.  On or before August 30, 2013, the parties shall exchange the terms they believe should be construed by the Court.  On or before September 13, 2013, the parties shall exchange proposed constructions for the terms earlier identified by the parties.  On or before September 27, 2013, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence and shall be separated into three sections: the Non-Mashinsky Patents, the Overlapping '879 Mashinsky Patent,[6] and the Remaining Mashinsky Patents.[7]  The plaintiff shall submit to the court a Joint Appendix of Intrinsic Evidence (the "Joint Appendix") containing all intrinsic evidence relied upon in the claim construction briefing.  A sample table of contents of the Joint Appendix can be located on this court's website at www.ded.uscourts.gov.  The Joint Appendix shall be filed within three business days after the answering claim construction briefs.  The parties shall file opening claim construction briefs on November 8, 2013, and answering claim construction briefs on December 11, 2013.  Each of the above-identified sections of the Final Joint Claim Chart shall be separately

---

[5]     U.S. Patent Nos. 5,606,602; 5,917,897; 6,757,275; and 7,486,662.

[6]     U.S. Patent No. 7,724,879.

[7]     U.S. Patent Nos. 6,496,579; 6,078,654; and 6,188,756.

briefed, but the Defendants shall collaborate so as to provide a single opening and answering brief per section. Briefing otherwise will be presented pursuant to the court's Local Rules.

       **5.** **<u>Discovery</u>.** All fact discovery in this case shall be initiated so that it will be completed on or before May 2, 2014. Opening expert reports on issues on which a party bears the burden of proof shall be served on or before May 30, 2014. Rebuttal expert reports shall be served on or before June 27, 2014. Expert Discovery in this case shall be initiated so that it will be completed on or before July 25, 2014.

       **6.** **<u>Discovery and Scheduling Matters</u>.** Should counsel find they are unable to resolve a discovery[8] or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **joint, non-argumentative** letter agenda not to exceed two (2) pages outlining the issue(s) in dispute. A sample letter can be located on this court's website at www.ded.uscourts.gov. After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery teleconference. Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **<u>TWO PAGE LETTER</u>,** exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES.** The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

---

[8]    Unless the court otherwise orders, should counsel be unable to agree on the discovery of paper and electronic documents, the court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information" ("ESI") shall govern.

7. **Confidential Information and Papers filed under Seal.** Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court by April 11, 2013. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers. If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).

8. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact the assigned United States Magistrate Judge to schedule a settlement conference with counsel and the clients.

9. **Summary Judgment Motions.** Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than August 7, 2014. Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than August 21, 2014. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before August 28, 2014. If the Court determines that argument is necessary to assist in the resolution of any request to file summary judgment, it shall notify the parties of the date and time on which the Court will conduct a telephone conference to hear such argument. Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.

10. **Case Dispositive Motions.** To the extent permitted, all case or issue dispositive motions shall be served and filed within two weeks of the Court's decision to permit the filing of such motions. Briefing will be presented pursuant to the Court's Local Rules. The parties may agree on an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

11. **Applications by Motion.** Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

12. **Oral Argument.** If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to District of Delaware Local Rule 7.1.4.

13. **Pretrial Conference.** On **[January 5, 2015]**, beginning at ____ __.m., the Court will hold a Pretrial Conference in Chambers with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov. Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft, as well as the information defendant proposes to include in the proposed pretrial order. **Motions** *in*

*limine*[9]: **NO MOTIONS *IN LIMINE* SHALL BE FILED;** instead, the parties shall be prepared to address their evidentiary issues at the Pretrial Conference and during trial (before and after the trial day). The parties shall file with the court the **joint** Proposed Final Pretrial Order in accordance with the terms and with the information required by the form of Final Pretrial Order, which can be located on this court's website at www.ded.uscourts.gov, on or before December 19, 2014.

14. **Trial.** This matter is scheduled for a 10 day jury trial beginning at 9:30 a.m. on January 20, 2015 in C.A. No. 12-1688 (GMS); February 2, 2015 in C.A. No. 12-1689 (GMS); February 17, 2015 in C.A. No. 12-1690 (GMS); March 2, 2015 in C.A. No. 12-1691 (GMS); and March 16, 2015 in C.A. No. 12-1692 (GMS).

15. **Scheduling.** The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

| BAYARD, P.A. | RICHARDS, LAYTON & FINGER, PA |
|---|---|
| */s/ Stephen B. Brauerman* | */s/ Anne Shea Gaza* |
| Richard D. Kirk (#922)<br>Stephen B. Brauerman (#4952)<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE 19801<br>(302) 655-5000<br>rkirk@bayardlaw.com<br>sbrauerman@bayardlaw.com<br><br>*Attorneys for Plaintiff AIP Acquisition LLC* | Frederick L. Cottrell, III (#2555)<br>Anne Shea Gaza (#4093)<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>cottrell@rlf.com<br>gaza@rlf.com<br><br>*Attorneys for Defendant CSC Holdings LLC* |

---

9   The parties should simply list, in an Exhibit to be attached to the Pretrial order, the issues under a heading such as "Plaintiff's [name of party] List Of Evidentiary Issues It Intends To Raise."

ASHBY & GEDDES

*/s/ Andrew C. Mayo*
_____
Steven J. Balick (#2114)
Lauren E. Maguire (#4261)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendants Charter Communications Inc. and Charter Communications Holding Company LLC*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Paul Saindon*
_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
psaindon@mnat.com

*Attorneys for Defendants Comcast Corporation, Comcast Cable Communications, LLC, Comcast Cable Communications Management, LLC, Comcast IP Phone, LLC, and Comcast Business Communications, LLC*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Paul Saindon*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
psaindon@mnat.com

*Attorneys for Defendants Cox Communications, Inc. and Coxcom, LLC*

RICHARDS, LAYTON & FINGER, PA

*/s/ Kelly E. Farnan*

Kelly E. Farnan (#4395)
One Rodney Square
920 N. King Street
Wilmington, DE  19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Time Warner Cable Inc., Time Warner Cable Enterprises LLC, TWC Communications LLC, and TWC Digital Phone LLC*

March 11, 2013
7017086

SO ORDERED this _____ day of March, 2013.

_____
Chief, United States District Judge

7039309