# EXHIBIT 1

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | | |
|---|---|---|
| *Plaintiff* | ) | 1:12-cv-01688-GMS |
| v. | ) | 1:12-cv-01689-GMS |
| CSC Holdings, LLC, Charter Communications, Inc., Comcast | ) | 1:12-cv-01690-GMS |
| Corp., Cox Communications, Inc., Time Warner Cable Inc., et al. | ) Civil Action No. | 1:12-cv-01691-GMS |
| *Defendant* | ) | 1:12-cv-01692-GMS |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 1:12-cv-01692-GMS   Document 48-1   Filed 12/06/13   Page 3 of 19 PageID #: 498

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:12-cv-01692-GMS   Document 48-1   Filed 12/06/13   Page 4 of 19 PageID #: 499

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

In addition to the definitions set forth in the Federal Rules of Civil Procedure, the following definitions are provided:

1. The terms "You" or "Your" means Alexander Mashinsky, including any persons, controlled by or acting on behalf of You and any agents, attorneys, or representatives.

2. The term "AIP" means AIP Acquisitions LLC, including any persons, controlled by or acting on behalf of it, as well as all past and present licensees, agents, attorneys, predecessors, subsidiaries, parent companies, or affiliated companies, their agents, officers, directors, employees, representatives and attorneys.

3. The term "SNIP" means SNIP, Inc., including any persons, controlled by or acting on behalf of it, as well as all past and present licensees, agents, attorneys, predecessors, subsidiaries, parent companies, or affiliated companies, their agents, officers, directors, employees, representatives and attorneys.

4. The term "ANIP" means ANIP, Inc., including any persons, controlled by or acting on behalf of it, as well as all past and present licensees, agents, attorneys, predecessors, subsidiaries, parent companies, or affiliated companies, their agents, officers, directors, employees, representatives and attorneys.

5. The term "Orix" means Orix USA Corporation and Orix Venture Finance LLC, collectively and individually, including any persons, controlled by or acting on behalf of it, as well as all past and present licensees, agents, attorneys, predecessors, subsidiaries, parent companies, or affiliated companies, their agents, officers, directors, employees, representatives and attorneys.

6. The term "Arbinet" means Arbinet Corporation, Arbinet-thexchange Ltd, Arbinet-thexchange, Inc., Arbinet Communication, Inc., and Arbinet Holdings, Inc., collectively and individually, including any persons, controlled by or acting on behalf of it, as well as all past and present licensees, agents, attorneys, predecessors, subsidiaries, parent companies, or affiliated companies, their agents, officers, directors, employees, representatives and attorneys.

7. The term "AIP Assignees" collectively refers to AIP, SNIP, ANIP, Orix, Arbinet, and any other entity that has ever been an assignee or had an ownership interest in any of the Asserted Patents.

8. The term "Asserted Patents" means U.S. Patent No. 6,496,579 (the "'579 patent"), U.S. Patent No. 6,078,654 (the "'654 patent"), U.S. Patent No. 6,188,756 (the "'756 patent"), and U.S. Patent No. 7,724,879 (the "'879 patent").

9. The term "AIP Patents" means the Asserted Patents, Application No. 09/372,024 that matured into the '579 patent, all patents and patent applications from which the '579 patent claims priority, all patents and patent applications claiming priority to the '579 patent, Application No. 09/009,007 that matured into the '654 patent, all patents and patent applications from which the '654 patent claims priority, all patents and patent applications claiming priority to the '654 patent, Application No. 08/727,681 that matured into the '756 patent, all patents and patent applications from which the '756 patent claims priority, and all patents and patent applications claiming priority to the '756 patent, Application No. 11/895,460 that matured into the '879 patent, all patents and patent applications from which the '879 patent claims priority, and all patents and patent applications claiming priority to the '879 patent.

10. The terms "subject matter described and/or claimed in the AIP Patents" and "technology related to/described in the AIP Patents" and any variations mean any technology related to the any of the AIP Patents, including, but not limited to, VoIP and cable telephony.

11. The term "license" or any variant thereof, means any document, agreement, contract, or arrangement pursuant to which a covenant not to be sued for practicing, or a right to practice, one or more alleged inventions claimed in any of the Asserted Patents and/or patents and applications of the AIP Patents, is provided or conveyed, *de jure* or *de facto*, wholly or partially, exclusively or non-exclusively, from the patent owner or from any other person holding an interest in one or more of the Asserted Patents and/or patents and applications of the AIP Patents to any other person.

12. The term "AIP Affiliate" shall mean any predecessor in interest of the AIP Patents, as well as any parent, subsidiary, or affiliate organization of AIP and their members and agents. The term shall explicitly include, without limitation, the following entities: Alexander Mashinsky, Chi Eng, AIP, SNIP, ANIP, Orix, Arbinet, Steven Singer, Brad Singer, Karen Singer, Gary Singer, the Singer Children's Management Trust, the Singer Children's Family Trust, Eric Edidin, Archer Capital Management, and Starrett Consulting LLC.

13. The "Joint Litigation" refers to the cases styled, *AIP Acquisition LLC v. CSC Holdings, LLC,* Civil Action No. 1:12-cv-01688-GMS, *AIP Acquisition LLC v. Charter Communications, Inc., et al.,* Civil Action No. 1:12-cv-01689-GMS, *AIP Acquisition LLC v. Comcast Corporation, et al.,* Civil Action No. 1:12-cv-01690-GMS, *AIP Acquisition LLC v. Cox Communications, Inc., et al.,* Civil Action No. 1:12-cv-01691-GMS, *AIP Acquisition LLC v. Time Warner Cable, Inc., et al*., Civil Action No. 1:12-cv-01692-GMS, all in the United States District Court, District of Delaware.

14. The term "AIP Litigations" refers to the Joint Litigation and cases styled, *AIP Acquisition, LLC v. iBasis Inc.*, Civil Action No. 1:12-cv-00616-GMS and *AIP Acquisition LLC v. Level 3 Communications, LLC*, Civil Action No. 1:12-00617-GMS, all in the United States District Court, District of Delaware.

15. The term "Defendants' Products" means Cablevision's Optimum Voice Service with "Click to Call" feature, Cablevision's Optimum Voice and Voice Business Services with "Find Me" feature, Cablevision's Digital Home Phone Service, Cablevision's Optimum Business Service, Charter's Business Phone Plus Service with "Click to Dial" feature, Charter's Business Phone Plus Service with "Simultaneous Ring" feature, Charter's Business PRI Service, Charter's Phone Service, Comcast's Business Class VoiceEdge Service "Unified Communication Package" with "Click to Dial" feature, Comcast's Business Class Service "Unified Communication Package" with "Simultaneous Ring" feature, Comcast's Business Class ISDN/PRI Trunk Service, Comcast's XFINITY Voice Service, Cox's VoiceManager Service with "Personal Call Manager" feature, Cox's VoiceManager Service with "Simultaneous Ring Personal" feature, Cox's Digital Telephone Service, Cox's Business PRI and Digital Trunk Services, Time Warner Cable's Digital Home Phone Service, Time Warner Cable's Business Class PRI Service, and Time Warner Cable's Business Class Phone Service.

16. The term "prior art" refers to any printed publication, article, periodical, book, paper, poster, slide, video, film, overhead, e-mail, prototype, specimen, model, or document, in whole or part, relevant to the patentability of the Asserted Patents and/or AIP Patents, including, but not limited to, any events, acts, or conditions of patentability set forth in 35 U.S.C. §§ 102 and 103.

17. The term "mark" shall have the meaning ascribed to it under 35 U.S.C. § 287, including, as it relates to associating a patented article with the number of a patent by marking a product, package, or website.

18. The term "Trade Association and/or Standard Setting Body" means any trade association, industry consortium, and/or standard setting body for wireless communications, wired communications, cellular and/or radio transmission technologies, whether in the United States or abroad, including but not limited to, any general assembly, drafting group, task group and/or working group within any such trade association, industry consortium, and/or standard setting body as well as any individual member company or organization of the trade association, industry consortium, and/or standard setting body.

19. The phrase "Trade Association and/or Standard Setting Body Activities" means developing, coordinating, promulgating, revising, amending, reissuing, interpreting and/or other activities relating to the production of technical standards.

20. The term "document" has the full meaning ascribed under the Federal Rules of Civil Procedure and includes, without limitation, any ESI (as defined below), any written, recorded, or graphic material of any kind within Your possession, custody or control. The term includes, but is not limited to, all agreements; contracts; letters; telegrams; interoffice communications; facsimile transmissions; memoranda; reports; records; studies; instructions; specifications; handwritten or typewritten notes; notebooks, scrapbooks; diaries; calendars; plans; drawings; sketches; diagrams; minutes of meetings; photocopies; charts; graphs; descriptions; drafts; ledgers; financial statements or reports; invoices; bills; microfilm, microfiche, tape, disk, or diskette recordings; computer records; and computer printouts. The term "document" also includes the original document (or an identical copy thereof if the original

is not available) and all copies that differ in any respect from the original as a result of any notation, symbol, number, lettering, underlining, marking or other information appearing thereon, and all attachments thereto, and also includes English translations of documents requested herein whenever such translations exist in whole or in part for a document or portion thereof.

21. The term "Electronically Stored information," abbreviated herein as "ESI," has the same meaning and scope in these Requests as it has in Rule 34 of the Federal Rules of Civil Procedure, including, but not limited to, active data, metadata, replicant data, residual data, backup data, and/or legacy data, including, but not limited to, the form of e-mails, webpages, word processing files and databases stored in the memory of computers, servers, magnetic disks (such as computer hard drives and floppy disks), optical disks (such as DVDs and CDs), and flash memory (such as "thumb" or "flash" drives).

22. The term "communication" shall mean any oral, written, electronic, or other exchange of words, thoughts, information, or ideas to another person or entity, whether in person, in a group, by telephone, by letter, by Telex, or by other process, electric, electronic, or otherwise. All such communications in writing shall include, without limitation, printed, typed, handwritten, or other readable documents, correspondence, memoranda, reports, contracts, drafts (both initial and subsequent), computer discs or transmissions, e-mails, instant messages, tape or video recordings, voicemails, diaries, log books, minutes, notes, studies, surveys and forecasts, and any and all copies thereof.

23. The terms "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The terms "or" and "and" shall include each other whenever possible to

expand, not restrict, the scope of the request. The term "including" shall not be used to limit any general category or description that precedes it. The terms "all," "every," "any," "each," and "one or more" shall include each other whenever possible to expand, not restrict, the scope of the request.

24. Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural also shall include a reference to the singular.

**INSTRUCTIONS**

1. In responding to the requests in this subpoena, please furnish all documents and information available to You, within Your possession, custody or control, which includes documents that You have access to and the legal right to obtain from any AIP Affiliate, and not merely such documents as the persons preparing the responses know of their own personal knowledge. In responding to the requests in this subpoena, You should make a diligent search of Your records or other papers and materials in Your possession or within Your control, including documents that You have access to and the legal right to obtain from any AIP Affiliate, to the extent necessary to provide responsive documents.

2. If any request herein requires the production of documents that are no longer in Your actual or constructive possession, custody, or control or which have been destroyed or lost, then in lieu of production, You shall state or identify the title of the document, the author of the document, each person to whom or by whom a copy of the original of the document was delivered, forwarded, or has been received, the date of the document, the general subject matter of the document, the date and manner of disposal, and the reason for disposal. In the event You claim that information contained other than in documentary form is no longer in Your actual or constructive possession, custody, or control or has been destroyed or lost, You shall state or identify the nature of the information, the creator of the information, the person to whom the information was or was to be forwarded, delivered or for whom it was prepared, the date of the creation of the information, the manner in which the information has been memorialized, if at all, the date and manner of disposal, and the reason for disposal.

3. Should You withhold from production any communications, documents, or things requested on the basis of the attorney-client privilege, attorney work product doctrine, or any

other privilege or protection, including an obligation of confidentiality, You are to provide a list identifying the following:

    a.    the date of the document or communication;

    b.    the identity of all persons who prepared, signed, sent and/or received the document or communication;

    c.    the general nature of the document or communication (memorandum, letter, etc.);

    d.    the identities, affiliations, job titles, and addresses of all persons to whom the document, thing, or copies thereof were circulated or to whom its contents were communicated; and

    e.    the specific grounds for withholding the document, communication, or thing, including the nature of the privilege or other basis for withholding the document or thing, and the facts supporting those grounds.

4.    The Joint Stipulation and Discovery Confidential Order ("Protective Order") in the Joint Litigation is attached hereto. Pursuant to Paragraph 27 of the Protective Order, You are entitled to the same protections afforded to parties in the Joint Litigation for any Protected Information (as defined in the Protective Order) that You may produce in response to these document requests.

5.    This subpoena is continuing in nature. You must correct or supplement Your responses if You learn that any response was incomplete or incorrect when made or, although complete and correct when made, is no longer complete and correct.

## REQUESTS FOR PRODUCTION

1. All documents and communications relating to the AIP Patents, including, but not limited to, all documents and communications related to the AIP Patents exchanged between You and each of the AIP Affiliates..

2. All documents and communications relating to the filing or prosecution of the AIP Patents, including, but not limited to:

    a. invention disclosure forms relating to the AIP Patents;

    b. documents relating to the conception and reduction to practice of each claimed invention in the AIP Patents, including, but not limited to, notes, drawings, inventor notebooks, prototypes, diaries, calendars, development plans or memos, and emails;

    c. documents relating to any actual or potential inventorship of each invention claimed in the AIP Patents;

    d. documents sufficient to show the results of any prior art searches conducted in connection with the filing or prosecution of the AIP Patents;

    e. documents, whether disclosed to the United States Patent and Trademark Office or not, that were analyzed or evaluated as, or considered or suggested to be, by You or another, prior art to the AIP Patents;

    f. documents reflecting any decision on whether or not to submit any prior art to the AIP Patents to the United States Patent and Trademark Office;

    g. documents supporting or refuting or otherwise relating to any declarations or affidavits submitted to the United States Patent and Trademark Office during the prosecution of the AIP Patents;

    h. documents related to the priority date claimed for the AIP Patents;

       i.     documents identified by You to others or others to You related to the drafting of any claims of the AIP patents;

       j.     documents reflecting the decision or purpose behind the abandonment of (1) U.S. Pat. Appl. No. 08/320,269 and (2) U.S. Pat. Appl. No. 09/551,189; and

       k.     documents related to any modifications of the specification of Application No. 11/895,460 over any parent application, including, but not limited to, Application No. 10/941,471.

     3.     All documents reflecting the definition or meaning of any claim terms in the Asserted Patents.

     4.     All documents in Your possession prior to Aug. 24, 2007, which relate to the following disclosure at col. 7:34-49 of the '879 patent: "The Internet network differs from frame relay switching and asynchronous transfer mode by using internet protocols such as transmission control protocol/Internet protocol (TCP/IP), which is a set of protocols developed by the Department of Defense to link dissimilar computers across a variety of other networks and protocols."

     5.     All public statements, Tweets, Internet posts, interviews, conferences, presentations, investor presentations, publications, books, papers, and articles, authored, written, contributed to, given by, made by, and/or published (in whole or in part) by or on behalf of You concerning the technology related to the AIP Patents.

     6.     All documents and communications relating to any opinion, analysis, study, or evaluation as to the validity, invalidity, scope, enforceability, unenforceability, infringement, or non-infringement of any claim of the AIP Patents.

7. All documents related to all instances in which AIP, AIP Affiliates, or You have accused another person or entity of patent infringement of the Asserted Patents.

8. All documents and communications related to the ownership of the AIP Patents, including, but not limited to, documents reflecting any assignment, sale, or transfer of ownership of, or of any legal or equitable right in, the AIP Patents, as well as the consideration for any such assignment, sale, or transfer.

9. All documents relating to actual or potential commercial embodiments of the subject matter described and/or claimed in the AIP Patents, including, but not limited to:

    a. documents reflecting any efforts by You and/or any of the assignees and/or licensees of the AIP Patents, including, but not limited to, the AIP Assignees and AIP Affiliates to make, use, offer for sale, market, or sell any apparatus, product, network, system, process, service, or method that practices or embodies the subject matter described and/or claimed in AIP Patents;

    b. documents sufficient to show the earliest sale, offer for sale, disclosure, public demonstration, printed publication, public use, or advertisement of any apparatus, product, network, system, process, service, or method that practices or embodies the subject matter described and/or claimed in AIP Patents;

    c. documents sufficient to identify and show the design, architecture, and development of each apparatus, product, network, system, process, service, or method, used or sold, experimentally or commercially by You and/or any of the assignees and/or licensees of the AIP Patents, including, but not limited to, the AIP Assignees and AIP Affiliates;

    d. documents sufficient to identify the pricing, sales, and revenue (forecasted and actual) of any apparatus, product, network, system, process, service, or method, used or sold,

experimentally or commercially by You and/or any of the assignees and/or licensees of the AIP Patents, including, but not limited to, the AIP Assignees and AIP Affiliates; and

   e. all documents reflecting any products marked with the patent number of any AIP Patent.

10. All documents reflecting all efforts to license the AIP Patents, including, but not limited to, all licenses related to the AIP Patents.

11. All documents related to the Defendants' Products, including, but not limited to, documents sufficient show when You first became aware of each of the Defendants' Products and all public statements made by You regarding any aspect of the Defendants' Products.

12. Documents sufficient to identify Your provider of (i) home telephone service and (ii) mobile telephone service since 1994.

13. All documents and communications relating to the Joint Litigation, including, but not limited to, all non-privileged documents reflecting all facts discovered during any pre-filing investigations.

14. Copies of Your testimony in any litigation involving patent infringement of the AIP Patents or the subject matter described and/or claimed in the AIP Patents.

15. All documents reflecting any valuation of any of the AIP Patents.

16. Documents sufficient to show each person or entity that has a financial interest in AIP and, as to each, the amount of the financial interest.

17. Documents reflecting any financial interest in the outcome of the AIP Litigations, including documents sufficient to identify each person or entity with a financial interest and, as to each, the amount of the financial interest.

18. All documents concerning any form of compensation and/or benefits You may receive concerning Your testimony in the AIP Litigations.

19. All documents related to each Trade Association and/or Standard Setting Body of which You, any AIP Affiliate, any employee of any AIP Affiliate, or any inventor of any AIP Patent, was a member between January 1, 1992 and the present, including the dates of membership, any Trade Association and/or Standard Setting Body Activities in which they engaged, and the individuals most knowledgeable about any such membership or activities.

20. All documents related to correspondence with any of the Defendants in the Joint Litigation.

21. Documents sufficient to show the disposition of any documents or files related to the AIP Patents formerly in the possession, custody, or control of Cobrin Gittes & Samuel, Cohen Pontani Lieberman & Pavane LLP, and Pennie Edmonds LLP upon their dissolution.

22. Documents sufficient to identify any joint development, collaboration, or co-development related to any technology described in the AIP Patents, including, but not limited to, VoIP or cable telephony, in which You or any entity owned by or employing You were involved between October 11, 1991 and August 4, 2007.

23. All documents supporting, substantiating, or refuting the claim that You are the "inventor of VoIP" on Your Twitter account.

24. All documents related to the sale to, transfer to, merger with, or acquisition of Arbinet by Primus Telecommunications Group Incorporated, including, but not limited to:

    a. any contracts for sale, assignment, or transfer of rights in the AIP Patents;

    b. document sufficient to identify (i) whether Arbinet spun-off the AIP Patents to its shareholders or sold the AIP Patents to a third party for cash, (ii) if sold, the amount

of proceeds from the sale, and (iii) the license rights in the AIP Patents granted to Primus Telecommunications Group Incorporated;

   c. contracts related to public offerings;

   d. valuations of the AIP Patents; and

   e. documents sufficient to identify all shareholders of Arbinet and Primus Telecommunications Group Incorporated.

 25. Documents sufficient to identify the location and identity of documents related to the AIP Patents in the possession of any person or entity other than You.

 26. All versions of www.mashinsky.com since its creation.

 27. All documents relating to any recognition You received as a result of any invention or contribution in any of the AIP Patents, including, but not limited to, documents relating to www.mashinsky.com/awards and all submissions made by or on behalf of You to any entity or publication issuing an award.

 28. All documents that support, substantiate, or refute any claims or statements made at www.mashinsky.com/patents.

 29. A current copy of Your resume or curriculum vitae.