IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AIP ACQUISITION LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>LEVEL 3 COMMUNICATIONS, LLC,<br><br>    Defendant. | C.A. No. 12-617-GMS |
| AIP ACQUISITION LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>CABLEVISION SYSTEMS CORPORATION,<br>and CSC HOLDINGS, LLC,<br><br>    Defendants. | C.A. No. 12-1688-GMS |
| AIP ACQUISITION LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>CHARTER COMMUNICATIONS, INC., and<br>CHARTER COMMUNICATIONS HOLDING<br>COMPANY, LLC,<br><br>    Defendants. | C.A. No. 12-1689-GMS |

| | |
|---|---|
| AIP ACQUISITION LLC,　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　Plaintiff,　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　)<br>　　v.　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　)<br>COMCAST CORPORATION, COMCAST　)<br>CABLE COMMUNICATIONS, LLC,　　　)<br>COMCAST CABLE COMMUNICATIONS )<br>MANAGEMENT, LLC, COMCAST IP　　)<br>PHONE, LLC, and COMCAST BUSINESS )<br>COMMUNICATIONS, LLC,　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　Defendants.　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　) | C.A. No. 12-1690-GMS |
| AIP ACQUISITION LLC,　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　Plaintiff,　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　)<br>　　v.　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　)<br>COX COMMUNICATIONS, INC. and　　)<br>COXCOM, LLC,　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　Defendants.　　　　　　　　) | C.A. No. 12-1691-GMS |
| AIP ACQUISITION LLC,　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　Plaintiff,　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　)<br>　　v.　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　)<br>TIME WARNER CABLE INC., TIME WARNER )<br>CABLE ENTERPRISES LLC, TWC　　　)<br>COMMUNICATIONS, LLC, and TWC　　)<br>DIGITAL PHONE LLC,　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　Defendants.　　　　　　　　) | C.A. No. 12-1692-GMS |

## ORDER

WHEREAS, AIP Acquisition LLC ("AIP") filed suit against Level 3 Communications, LLC ("Level 3") on May 17, 2012 alleging infringement of U.S. Patent No. 7,724,879 ("the '879 patent") (12-617-GMS, D.I. 1)[1];

WHEREAS, AIP filed five additional patent infringement actions on December 11, 2012, asserting the '879 patent against: Cablevision Systems Corporation and CSC Holdings, LLC ("CSC"); Charter Communications Inc. and Charter Communications Holding Company, LLC ("Charter"); Comcast Corporation, Comcast Cable Communications, LLC, Comcast Cable Communications Management, LLC, Comcast IP Phone, LLC, and Comcast Business Communications, LLC ("Comcast"); Cox Communications, Inc. and CoxCom, LLC ("Cox"); and Time Warner Cable Inc., Time Warner Cable Enterprises LLC, TWC Communications, LLC, and TWC Digital Phone LLC ("Time Warner") (collectively, the "Cable defendants" and the "Cable Cases") (see, e.g., 12-1688-GMS, D.I. 1)[2];

WHEREAS, on July 24, 2013, Level 3 filed a Motion to Stay Pending *Inter Partes* Review (12-617-GMS, D.I. 25) with an accompanying brief in support (*id.*, D.I. 26);

WHEREAS, the Cable defendants are not parties to, or otherwise participating in, Level 3's *inter partes* review ("IPR") petition, but nevertheless the Cable defendants do not oppose a stay of the Level 3 case or the Cable Cases (*id.* at 4-5; 12-1688-GMS, D.I. 52 at 1-2);

---

[1] AIP's Complaint against Level 3 also alleged infringement of U.S. Patent Nos.: 6,757,275 ("the '275 patent"); 7,486,662 ("the '662 patent"); 5,606,602 ("the '602 patent") and 5,917,897 ("the '897 patent"). (12-617-GMS, D.I. 1.) AIP subsequently withdrew its allegations of infringement of the '602 and '897 patents against Level 3; only the '879, '275, and '662 patents remain at issue. (*See id.*, D.I. 22.)

[2] AIP also asserted U.S. Patent Nos. 6,496,579 ("the '579 patent"), 6,078,654 ("the '654 patent"), and 6,188,756 ("the '756 patent") against the CSC, Charter, Comcast, and Cox defendants. (*See, e.g.*, 12-1688-GMS, D.I. 1).

3

WHEREAS, on October 31, 2013, the United States Patent and Trademark Office ("PTO") granted Level 3's IPR petition as to every claim of the '879 patent (12-617-GMS, D.I. 43 at 1; *id.*, D.I. 53, Ex. 23);

WHEREAS, a decision to stay litigation lies within the sound discretion of the court and represents an exercise of the court's "inherent power to conserve judicial resources by controlling its own docket"[3] and it is well settled that this authority extends to patent cases in which a PTO review has been requested[4];

WHEREAS, courts assessing whether to grant a motion to stay are tasked with considering: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set"[5];

WHEREAS, the court, having considered the instant motion, the response and reply thereto, supplemental submissions, and the applicable law, concludes that the PTO's *inter partes* review of the '879 patent will greatly simplify issues before the court, and a limited estoppel against the Cable defendants regarding only arguments actually raised by Level 3 in the IPR proceeding would reduce prejudice against AIP and further simplify issues at trial[6];

---

[3] *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985).

[4] *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.").

[5] *First Am. Title Ins. Co. v. McLaren LLC*, C.A. No. 10-363-GMS, 2012 WL 769601, at *4 (D. Del. Mar. 9, 2012) (quoting *Xerox Corp. v. 3 Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)).

[6] After the PTO issues a final written IPR decision, the petitioner, Level 3, is estopped from asserting in a civil action any anticipation and obvious invalidity arguments based on patents or printed publications that were raised or reasonably could have been raised during the IPR proceeding. *See* 35 U.S.C. §§ 311, 315(e)(2), 318(a). As the Cable defendants are not the petitioner, or the real parties in interest or privy of the petitioner in the IPR proceeding, the Cable defendants are not subject to estoppel under 35 U.S.C. § 315(e)(2).

4

IT IS HEREBY ORDERED that:

1. The Cable defendants shall notify the court by January 6, 2014, if they stipulate to a limited estoppel to not contest the validity of the claims at issue in the pending *inter partes* review of the '879 patent on grounds actually raised during that review in this or any subsequent proceedings.

2. If the cable defendants agree to a limited estoppel stipulation, they shall file a separate proposed order detailing the parameters of their limited estoppel stipulation in connection with the '879 patent *inter partes* review for the court's approval.

Dated: December 27, 2013

CHIEF, UNITED STATES DISTRICT JUDGE