IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AIP ACQUISITION LLC,<br><br>                  Plaintiff<br><br>v.<br><br>LEVEL 3 COMMUNICATIONS, LLC,<br><br>                  Defendants. | C.A. No. 12-617-GMS<br><br>**JURY TRIAL DEMANDED** |
| AIP ACQUISITION LLC,<br><br>                  Plaintiff<br><br>v.<br><br>CSC HOLDINGS, LLC,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC., and CHARTER COMMUNICATIONS HOLDING COMPANY, LLC,<br><br>v.<br><br>COMCAST CORPORATION, COMCAST CABLE COMMUNICATIONS, LLC, COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, COMCAST IP PHONE, LLC, and COMCAST BUSINESS COMMUNICATIONS, LLC,<br><br>v.<br><br>COX COMMUNICATIONS, INC. and COXCOM, LLC,<br><br>v. | C.A. No. 12-1688-GMS<br>C.A. No. 12-1689-GMS<br>C.A. No. 12-1690-GMS<br>C.A. No. 12-1691-GMS<br>C.A. No. 12-1692-GMS<br><br>**JURY TRIAL DEMANDED** |

| | |
|---|---|
| TIME WARNER CABLE INC., TIME WARNER CABLE LLC, TIME WARNER ENTERTAINMENT COMPANY, L.P., TWC COMMUNICATIONS, LLC, and TWC DIGITAL PHONE LLC,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATION OF LIMITED ESTOPPEL

WHEREAS, defendant Level 3 filed a motion to stay its case (Case No. 12-cv-617-GMS) until final resolution of its pending *inter partes* review of U.S. Patent 7,724,879 ("the '879 patent"), including all appeals (said *inter partes* review, including all appeals, hereinafter the "'Level 3 IPR");

WHEREAS, AIP has asserted the '879 patent against defendants ("the Cable Defendants") in five additional actions (Case Nos. 12-cv-01688-GMS - 12-cv-01692-GMS, collectively "the Cable Cases"), and the Cable Defendants are not parties to, or otherwise participating in, the Level 3 IPR, but nevertheless do not oppose a stay of the Level 3 case or the Cable Cases;

WHEREAS, on December 27, 2013, the Court issued an order requesting that the Cable Defendants notify the Court by January 6, 2014 whether they stipulate to a limited estoppel to not contest the validity of the claims at issue in the pending Level 3 IPR on grounds actually raised during that review in this or any subsequent proceedings;

WHEREAS, on October 31, 2013, the Patent Trial and Appeal Board ("PTAB") issued a Decision to Institute *Inter Partes* Review of the '879 patent, in which it found a reasonable likelihood that Level 3 would prevail with respect to claims 1-15 of the '879 Patent ("the Reviewed Claims");

2

WHEREAS, this Court previously entered an order in an unrelated case staying multiple actions pending conclusion of an inter partes reexamination where defendants in those cases stipulated to being estopped in those cases from challenging the validity of the patent-at-issue on the terms specified in the stipulation and order (*see In re Bear Creek Technologies, Inc. ('722) Patent Litigation*, MDL No. 12-2344-GMS (D.I. 136) (Order Detailing Scope and Limitations of Defendants' Estoppel) and the Cable Defendants herein have modeled this stipulation on the estoppel accepted in that case;[1]

WHEREAS, to respond to the Court's December 27, 2013 order, if the Court stays the Cable Cases until the Level 3 IPR is completed, then the Cable Defendants agree to the following limited estoppel:

1. Should any of the Reviewed Claims of the '879 patent survive the Level 3 IPR after a final non-appealable judgment[2] on the merits without being amended, narrowed, or substituted, the Cable Defendants shall be estopped in the Cable Cases from challenging the

---

[1] Because the post grant proceeding at issue in *Bear Creek* was an inter partes **reexamination**, the United States Patent and Trademark Office considered each proposed ground for invalidity raised in the petition. *See In re Bear Creek Tech., Inc. ('722) Patent Litigation*, Case No. 12-md-2344-GMS, D.I. 136. Inter Partes Reexaminations were eliminated as of September 16, 2012, through passage of the America Invents Act. *See* 35 U.S.C. §311. As a result, Level 3's petition, filed in May 2013, was for inter partes review. In assessing this petition, the PTAB stated that it need not consider each proposed ground for invalidity raised, but only four specified combinations of prior art. *See* IPR2013-00296, Decision to Institute at 32 (Oct. 31, 2013). Since the Cable Defendants are not the petitioner, or the real parties in interest or privy of the petitioner in the Level 3 IPR proceeding, the Cable Defendants should not be subject to an estoppel with respect to these unaddressed grounds for invalidity.

[2] The term "final non-appealable judgment" does not include orders terminating the proceeding due to settlement, such as a "Judgment – Termination of the Proceeding."

3

validity of such claims as being obvious under 35 U.S.C. § 103, on the basis of the combination of prior art upon which the PTAB reached said final non-appealable judgment;[3]

2. Regardless of the outcome of the Level 3 IPR, the Cable Defendants shall not be estopped from relying upon any prior art reference asserted in the Level 3 IPR, including for the purpose of arguing that any claim of the '879 patent is (i) anticipated under 35 U.S.C. § 102 or (ii) obvious in light of any prior art combinations under 35 U.S.C. § 103, in any manner which was not decided by a final non-appealable judgment in the Level 3 IPR; and

3. The Cable Defendants shall not be estopped from asserting that the '879 patent is invalid for failure to satisfy the requirements of 35 U.S.C. § 112, or any other ground not specifically identified above;

IT IS SO ORDERED this 7th day of Jan, 2014.

Chief Judge G. M. Sleet

---

[3] The PTAB relied on the following four combinations of United States patents to institute an inter partes review of the '879: (1) U.S. Pat. No. 5,051,983 ("Kammerl") and U.S. Pat. No. 5,604,737 ("Iwami"); (2) Kammerl, Iwami and U.S. Pat. No. 5,337,352 ("Kobayashi"); (3) Kammerl, Iwami, Kobayashi and U.S. Pat. No. 5,187,710 ("Chau"); and (4) Kammerl, Iwami and U.S. Pat. No. 5,608,786 ("Gordon"). These are the prior art combinations for which a final non-appealable judgment may issue from the Level 3 IPR, and to which the potential estoppel in this stipulation may apply.

4

OF COUNSEL:

Michael L. Brody
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312)558-5600
mbrody@winston.com

Andrew Sommer
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC 20006-3817
(202) 282-5896
asommer@winston.com

Krishnan Padmanabhan
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
(212) 294-6700
kpadmanabhan@winston.com

Jude J. Andre
Dustin Edwards
WINSTON & STRAWN LLP
1111 Louisiana Street, 25th Floor
Houston, TX 77002-5242
(713) 651-2600
jandre@winston.com

MORRIS NICHOLS ARSHT & TUNNELL LLP

*/s/ Paul Saindon*
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
psaindon@mnat.com

*Attorneys for Defendants Cox,
Communications, Inc. and CoxCom LLC,
Comcast Corporation. Comcast Cable
Communications, LLC, Comcast Cable
Communications Management, LLC,
Comcast IP Phone, LLC, Comcast Business
Communications, LLC, and CSC Holdings,
LLC*

5

OF COUNSEL:

Thomas L. Duston
Kevin D. Hogg
John R. Labbe
Benjamin T. Horton
Sarah J. Kalemeris
MARSHALL, GERSTEIN & BORUN LLP
6300 Willis Tower
233 South Wacker Drive
Chicago, IL 60606-6357
(312) 474-6300
tduston@marshallip.com
khogg@marshallip.com
jlabbe@marshallip.com
bhorton@marshallip.com
skalemeris@marshallip.com

ASHBY & GEDDES

/s/ Andrew C. Mayo
Steven J. Balick (#2114)
Lauren E. Maguire (#4261)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendants Charter Communications Inc. and Charter Communications Holding Company LLC*

OF COUNSEL:
David S. Benyacar
Daniel L. Reisner
David Soofian
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022-3598
(212) 836-8000

RICHARDS, LAYTON & FINGER, P.A.

/s/ Kelly E. Farnan
Kelly E. Farnan (#4395)
Katharine C. Lester (#5629)
920 N. King Street
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
lester@rlf.com

*Attorneys for Defendants Time Warner Cable Inc., Time Warner Cable Enterprises LLC, TWC Communications, LLC and TWC Digital Phone LLC*

January 6, 2014
7889751

6