IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AIP ACQUISITION LLC, <br><br> Plaintiff, <br><br> v. <br><br> LEVEL 3 COMMUNICATIONS, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 12-617-GMS |
| AIP ACQUISITION LLC, <br><br> Plaintiff, <br><br> v. <br><br> CABLEVISION SYSTEMS CORPORATION, and CSC HOLDINGS, LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 12-1688-GMS |
| AIP ACQUISITION LLC, <br><br> Plaintiff, <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., and CHARTER COMMUNICATIONS HOLDING COMPANY, LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 12-1689-GMS |

| | |
|---|---|
| AIP ACQUISITION LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMCAST CORPORATION, COMCAST )<br>CABLE COMMUNICATIONS, LLC, )<br>COMCAST CABLE COMMUNICATIONS )<br>MANAGEMENT, LLC, COMCAST IP )<br>PHONE, LLC, and COMCAST BUSINESS )<br>COMMUNICATIONS, LLC, )<br>)<br>Defendants. )  | C.A. No. 12-1690-GMS |
| AIP ACQUISITION LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COX COMMUNICATIONS, INC. and )<br>COXCOM, LLC, )<br>)<br>Defendants. ) | C.A. No. 12-1691-GMS |
| AIP ACQUISITION LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TIME WARNER CABLE INC., TIME WARNER )<br>CABLE ENTERPRISES LLC, TWC )<br>COMMUNICATIONS, LLC, and TWC )<br>DIGITAL PHONE LLC, )<br>)<br>Defendants. ) | C.A. No. 12-1692-GMS |

**ORDER**

On May 17, 2012, the plaintiff, AIP Acquisition LLC ("AIP"), filed suit against Level 3 Communications, LLC ("Level 3") alleging, *inter alia*, infringement of U.S. Patent No. 7,724,879 ("the '879 patent") (12-617-GMS, D.I. 1).[1] AIP filed five additional patent infringement actions on December 11, 2012, asserting the '879 patent against: Cablevision Systems Corporation and CSC Holdings, LLC ("CSC"); Charter Communications Inc. and Charter Communications Holding Company, LLC ("Charter"); Comcast Corporation, Comcast Cable Communications, LLC, Comcast Cable Communications Management, LLC, Comcast IP Phone, LLC, and Comcast Business Communications, LLC ("Comcast"); Cox Communications, Inc. and CoxCom, LLC ("Cox"); and Time Warner Cable Inc., Time Warner Cable Enterprises LLC, TWC Communications, LLC, and TWC Digital Phone LLC ("Time Warner") (collectively, the "Cable defendants" and the "Cable Cases") (*see, e.g.*, 12-1688-GMS, D.I. 1).[2] On May 21, 2013, Level 3 filed a petition for an *inter partes* review ("IPR") of the '879 patent with the United States Patent and Trademark Office ("PTO"). (12-617-GMS, D.I. 27, Ex. D.) The PTO granted Level 3's IPR petition as to every claim of the '879 patent on October 31, 2013, (*id.*, D.I. 53, Ex. 23). Presently before the court is Level 3's Motion to Stay Pending *Inter*

---

[1] AIP's Complaint against Level 3 also alleged infringement of U.S. Patent Nos.: 6,757,275 ("the '275 patent"); 7,486,662 ("the '662 patent"); 5,606,602 ("the '602 patent") and 5,917,897 ("the '897 patent"). (12-617-GMS, D.I. 1.) AIP subsequently withdrew its allegations of infringement of the '602 and '897 patents against Level 3; only the '879, '275, and '662 patents remain at issue. (*See id.*, D.I. 22.)

[2] AIP also asserted U.S. Patent Nos. 6,496,579 ("the '579 patent"), 6,078,654 ("the '654 patent"), and 6,188,756 ("the '756 patent") against the CSC, Charter, Comcast, and Cox defendants. (*See, e.g.*, 12-1688-GMS, D.I. 1). The '879 patent is the only patent AIP asserted against Time Warner. (12-1692-GMS, D.I. 10.)

3

*Partes* Review (*id.*, D.I. 25).[3]

A decision to stay litigation lies within the sound discretion of the court and represents an exercise of the court's "inherent power to conserve judicial resources by controlling its own docket". *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). It is well settled that this authority extends to patent cases in which a PTO review has been requested. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citations omitted) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."). The court performs a balancing analysis using the following three factors to determine if a stay is appropriate: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *First Am. Title Ins. Co. v. McLaren LLC*, No. 10-363-GMS, 2012 WL 769601, at *4 (D. Del. Mar. 9, 2012).

After considering the parties' positions as set forth in their papers, as well as the applicable law, the court finds that a stay pending resolution of the '879 IPR proceeding is warranted here because it will simplify issues before the court and will not unduly prejudice AIP.

A stay will simplify issues before court and conserve judicial resources.[4] In its decision

---

[3] The Cable defendants are not parties to, or otherwise participating in, Level 3's IPR petition, but nevertheless the Cable defendants do not oppose a stay of the Level 3 case or the Cable Cases (12-617-GMS, D.I. 26 at 4-5; 12-1688-GMS, D.I. 52 at 1-2.)

[4] The court notes that in the decision to grant Level 3's IPR, the PTO rejected the same proposed constructions for "Internet protocol" and "signaling messages" that AIP submitted in its opening claim construction brief to this court. (12-617-GMS, D.I. 53, Ex. 23 at 12-16; *id.*, D.I. 44 at 6-13.) Further, the court rejects AIP's contention that the issues before the court will not be simplified because Level 3 is "hedging its bets by not disclosing all of the prior art references in its IPR petition that it disclosed in its

to grant Level 3's IPR petition, the PTO concluded that Level 3 "demonstrate[d] a reasonable likelihood of prevailing on its challenge to the patentability of [all claims] of the '879 patent." (12-617-GMS, D.I. 53, Ex. 23 at 33.) As such, a stay will allow the court and the parties to avoid wasting resources on a *Markman* hearing and at trial to address claims that have a "reasonable likelihood" of being amended or canceled.[5] *See In re Bear Creek Techs. Inc.*, No. 12-md-2344-GMS, 2013 WL 3789471, at *3 n.8 (D. Del. Jul. 17, 2013) (staying multiple actions pending *inter partes* reexamination of a common asserted patent). If the '879 patent is not invalidated, the court and the parties will have the benefit of the IPR record in any post-stay *Markman* process. *See Gioello Enters. Ltd. v. Mattel, Inc.*, No. 99-375-GMS, 2001 WL 125340, at *1 (D. Del. Jan. 29, 2001). Additionally, a stay will simplify issues at trial because Level 3 will be estopped from asserting invalidity arguments that were raised or reasonably could have been raised during the IPR proceeding. *See* 35 U.S.C. § 315(e)(2). Issues in the Cable Cases will also be simplified at trial because the Cable defendants have stipulated to a limited estoppel based upon invalidity arguments considered in the IPR proceeding that lead to a final, non-appealable judgment. (*See, e.g.*, 12-1688-GMS, D.I. 74.)

---

invalidity contentions." (12-617-GMS, D.I. 29 at 12.) IPR petitions are limited to 60 pages, *see* 37 C.F.R. § 42.24 (a)(1)(i), and the PTO only relied upon a subset of the submitted prior art references in its decision to grant IPR of all of the '879 patent claims. (12-617-GMS, D.I. 53, Ex. 23 at 33.)

Similarly, the Court rejects AIP's argument that the IPR proceeding cannot resolve all issues regarding the '879 patent, including infringement, damages, equitable defenses, and other claims of invalidity. "While the court recognizes that this case likely presents certain questions that simply cannot be addressed through *inter partes* review, it notes that the 'issue simplification' factor does not require complete overlap." *Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 12-1744-GMS, 2013 WL 3353984, *5 (D. Del. July 2, 2013).

[5] Indeed, if the court does not stay the action, the PTO's final decision will likely issue after the scheduled *Markman* hearing (January 16, 2014) but before trial (January 5, 2015) thereby nullifying the court's *Markman* efforts in the "reasonably likely" event the claims are amended or canceled during the IPR proceeding.

5

Further, the court finds that the existence of other patents-in-suit does not influence the court's calculus. The patents-in-suit are directed to communications network technology and claim construction of these patents will require significant time and resources from the court. While the '879 patent is one of three patents in the Level 3 action, it is the only patent that the parties determined requires claim construction. (*See* 12-617-GMS, D.I. 44 at n.1.) Further, to resolve the Cable Cases, the court must construe the disputed terms in the '879 patent, notwithstanding the three remaining patents in the Cable Cases. As discussed above, such an effort would be a waste of judicial resources. Moreover, if the court proceeded through to trial, a jury verdict finding the '879 patent valid might be vacated if a later IPR final decision invalidated the '879 patent. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1347 (Fed. Cir. 2013) (holding that the PTO's cancelation of claims moots any pending litigation on those claims where no final judgment has been entered). Therefore, the court finds a stay pending resolution of the '879 IPR proceeding will simplify issues and advance the interests of judicial economy.

Additionally, the court finds that the remaining factors do not alter the balancing analysis. AIP is unlikely to suffer undue prejudice as a result of the stay. The timing of the *inter partes* review petitions and motion to stay does not suggest the defendants sought an unfair tactical advantage. AIP is a licensing entity and not a direct competitor of Level 3 or the Cable defendants. Thus, it can be adequately remedied for any delay by "money damages, including any appropriate interest accrued during the stay." *Bear Creek*, 2013 WL 3789471, at *3 n.8. Further, the prejudice against AIP resulting from a stay of the Cable Cases is reduced by the Cable defendants stipulation to a limited estoppel regarding invalidity arguments adjudicated

during the IPR proceeding. (*See, e.g.*, 12-1688-GMS, D.I. 74.) Finally, the court notes that discovery is not complete and trial is scheduled for January 2015. Although the parties have expended resources on their respective actions, to continue the action would result in the court and the parties wasting further resources on a patent "reasonably likely" to be amended or invalidated in the IPR proceeding. Accordingly, the court grants Level 3's Motion to Stay Pending *Inter Partes* Review and stays all of the above captioned actions pending resolution of the '879 IPR proceeding.

IT IS HEREBY ORDERED that:

1. Level 3's Motion to Stay Pending *Inter Partes* Review (12-617-GMS, D.I. 25) is GRANTED.

2. The above-captioned actions are STAYED pending resolution of the *inter partes* review of U.S. Patent No. 7,724,879.

Dated: January 9, 2014

CHIEF, UNITED STATES DISTRICT JUDGE